**UNITED STATES of America,**
**Appellee,**

v.

**Theodore V. SHYVERS, Appellant.**

**No. 181, Docket 31581.**

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1967.

Decided Nov. 27, 1967.

Frederic A. Johnson, New York City (Rudolph Lion Zalowitz, Elizabeth, N. J., on the brief), for appellant.

Lars I. Kulleseid, Asst. U. S. Atty., So. District of N. Y. (Robert M. Morgenthau, U. S. Atty., and John E. Sprizzo, Asst. U. S. Atty., on the brief), for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

PER CURIAM.

Theodore V. Shyvers was convicted in the United States District Court for the Southern District of New York, after a two-day trial before Judge Weinfeld and a jury, on both counts of an indictment charging him and a co-defendant, Beatrice Motte, with concealing approximately 930 grams of heroin hydrochloride in violation of 21 U.S.C. §§ 173 and 174, and with concealing four marihuana cigarettes in violation of 21 U.S.C. § 176a. [Judge Weinfeld directed a verdict of acquittal as to defendant Motte.] Appellant was sentenced to five years imprisonment. He now appeals, contending that his arrest and the accompanying search and seizure were without probable cause.

Charles J. Leya, Jr., an agent of the Federal Bureau of Narcotics, testified at trial that he had been engaged in surveillance of the activities of the appellant Shyvers on the nights of October 19, 20 and 21, 1965. He observed Shyvers on each of those nights meeting with various people and conversing with them, then later passing aluminum or silver foil packages to people at other meeting places. The cars which the recipients of the packages on the night of October 20 were driving had been parked in the vicinity of the first meeting of the night before. On the night of October 20, Leya observed the defendant Motte with Shyvers when packages were being passed; later Leya followed Shyvers and Motte to a motel in Yonkers, where he ascertained the number of the room in which the two appeared to be staying. The next night Leya and other officers arrested Shyvers and Motte as they entered the motel room. A search revealed four marihuana cigarettes on Shyvers' person, and 250 bundles of 25 glassine envelopes, each envelope containing a white powder later identified as heroin hydrochloride. Leya's testimony was corroborated by that of two dectectives of the New York City Police Dept., Narcotics Bureau.

On the day before trial, after a hearing, Judge Weinfeld denied the defendants' motion to suppress the evidence seized by agents of the Federal Bureau of Narcotics at the time of the arrest. At the hearing on the motion to suppress, Agent Leya testified that he had observed Shyvers and other customers meet with three men subsequently arrested in possession of approximately two kilograms of heroin, the meetings taking place in pairs, one for an exchange of money and the second for receipt by the customer of an aluminum foil package of heroin.

Leya further testified that a few weeks after the arrest of the three men from whom he had observed Shyvers buying heroin he was informed by two reliable informants that after his arrest, the ringleader of the operation asked his "close friend" Shyvers to take it over. He was also informed, he said, about the activities of Shyvers which he witnessed on October 19, 20 and 21—he was able to establish surveillance of the bars used as meeting places through this information. And shortly before the arrest of Shyvers, Leya testified, an informant told Leya that on the previous afternoon Shyvers had received a large quantity of heroin which he was hiding in an unidentified hotel or motel in Westchester.

A motion to set aside the indictment for failure to hold a preliminary hearing was denied by the District Court (United States v. Motte, 251 F.Supp. 601 (1966)), a petition for mandamus for the same relief was denied by this court from the bench, and certiorari was denied by the Supreme Court (Motte v. Ryan, 384 U.S. 975, 86 S.Ct. 1868, 16 L.Ed.2d 685 (1966)).

On this appeal, appellant Shyvers' chief contention is that the manager of the motel at which he was arrested invaded his privacy by listening in on a conversation he had with the co-defendant, Motte, and that this "taints" all of the government's evidence. It appears that on the night of the arrest the manager had left the switchboard open because he was suspicious and had over-

heard a conversation in which Shyvers told Motte to remember the numbers 23, 11 and 7.

Since this overheard conversation was never brought to the attention of the jury, appellant cannot contend that it was improperly admitted as evidence. His contention is, instead, that without statements by the manager to Leya and the other officers about the overheard conversation, he would not have been arrested. But there was ample probable cause for the arrest without any statements by the manager—the agents had been informed of Shyvers' narcotic selling activities and that Shyvers had a large amount of heroin stored at the motel.

Appellant claims, however, that the government may not rely on the information supplied by informants to establish probable cause for his arrest, because the informants' names were not disclosed. But the informants' information had turned out to be accurate as to appellant's selling activities, and the agents' personal observations gave sufficient confirmation that appellant was selling narcotics. In such a situation, the names of the informers need not be disclosed when the issue is probable cause. McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); United States v. Tucker, 380 F.2d 206 (2 Cir. 1967).

Appellant seems to concede that even if the overheard conversation would be inadmissible at trial, its presentation to the grand jury would not invalidate the indictment. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). He contends, however, that "the immunity of the indictment from attack cannot be extended to permit the violation of the fourth amendment," and that he had the right to cross-examine the motel manager at trial. But this contention ignores the holding of *Costello,* that the indictment and the conviction are to be tested separately.

Since there was probable cause for Shyvers' arrest and the accompanying search and seizure, the evidence seized was admissible and the evidence sufficient for conviction.

The judgment of conviction is affirmed.