UNITED STATES of America,
Appellee,

v.

Charlie Vernon HUTTO, Appellant.

No. 11791.

United States Court of Appeals
Fourth Circuit.

Argued March 4, 1968.

Decided March 21, 1968.

Arthur C. Ermlich, Norfolk, Va. (Court-appointed counsel) [Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., on brief], for appellant.

Roger T. Williams, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF and BOREMAN, Circuit Judges, and RUSSELL, District Judge.

SOBELOFF, Circuit Judge:

On this appeal we consider the claim tendered by appellant that the police lineup procedure used in identifying him violated his constitutional rights.

Had the Supreme Court not held in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), that the rule enunciated in *Wade*[1] and *Gilbert*[2] requiring defendant's counsel to be present at a lineup was not to be applied retroactively, appellant's conviction for armed robbery would have to be re-

1. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

2. Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

versed. Concededly, his lawyer was not in attendance. However, since the lawyerless lineup in this case was conducted before the specified cut-off date, June 12, 1967,[3] we must examine the particular circumstances here to determine whether the procedure employed by the FBI violated defendant's Fifth Amendment right to due process of law. See Stovall v. Denno, supra at 301–302, 87 S.Ct.1967; Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966).

■ No element of unfairness at the lineup appears from the record before us. The uncontradicted testimony of FBI agents and eyewitnesses and uncontested pictures of the event reveal that one witness at a time was permitted to view a group of six men of the identical race and similar heights and builds. None of the persons viewed—to whom we shall refer as the "suspects"—was shown to any of the witnesses before the lineup, and none of the witnesses was permitted to communicate with the others or with the suspects. All six suspects were asked by an FBI agent to repeat phrases the particular witness remembered hearing the robber utter during the crime.[4] No identifications were made at the viewing in the lineup room; each witness communicated his opinion to an officer outside of the room. After the men in the lineup exchanged places according to their own choices, the proc-

ess was repeated, each witness thus viewing the suspects twice.

■ Defendant seeks to impeach this otherwise fundamentally fair procedure on the basis of two alleged pre-lineup irregularities. The first is the defendant's lack of opportunity to confer with his previously retained counsel before the showing and the absence of the attorney during the lineup, despite specific requests by the defendant and despite the FBI agents' admitted knowledge of the retention and identity of the attorney. This contention is meritless. Two FBI agents and defendant's wife testified that several times on the morning of defendant's arrest and lineup they attempted unsuccessfully to contact the attorney. In any event, as of March, 1967, defendant had no absolute right to an attorney at his lineup and without a specific showing of resulting prejudice, there is no valid ground for reversal.

■ More troublesome, if true, is defendant's suggestion, first made in counsel's reply argument on appeal, that immediately before the lineup federal agents showed the witnesses a group of photographs, a disproportionate number of which was of the defendant. The possibility of subconscious suggestion inherent in this approach is obvious. Cf. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). However, the record, very poorly devel-

3. The majority of courts have interpreted Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), as making Wade, supra, applicable only to lineups conducted after June 12, 1967, and we are unpersuaded by a contrary dictum in the Fifth Circuit, which suggests that Wade, supra, is applicable to any trial conducted after that date. See Pearson v. United States, 5th Cir. 1/12/68, 389 F.2d 684. See also Thompson v. State, Okl. Crim.App., 2/21/68, 438 P.2d 287. The Supreme Court's language is clear: "We hold that Wade and Gilbert affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date." Stovall, supra, 388 U.S. at 296, 87 S.Ct. at 1969 (emphasis added).

This unusual non-retroactivity formula is explained at length in the Court's opinion. Because of a long history of reliance on the lawyerless lineup, the absence of any foreshadowing of the Wade decision, and the burden on the administration of justice, the Court concluded, "no distinction is justified between convictions now final, as in the instant case, and cases at various stages of trial and direct review." Ignoring the date of trial, the Court, we are convinced, meant only to affect pretrial confrontations held after June 12, 1967.

4. The statements were not of "testimonial" significance and therefore did not violate defendant's privilege against self-incrimination. United States v. Wade, supra 388 U.S. at 221–223, 87 S.Ct. 1926.

oped on this point, indicates that the victims of the bank robbery were shown several photographs of possible suspects a week or two before the lineup to assist the FBI in solving the crime. It appears that the witnesses viewed approximately ten mugshots, two of which were of the defendant. The faces of two other suspects were also duplicated in the exhibition. Since no undue attention to the defendant seems to have been prompted by the FBI and since the viewing was for the legitimate police purpose of identifying possible suspects at large and not of bolstering its case against an already arrested suspect, we hold the lineup untainted by the exhibition of suspects' pictures to the victims a week or two before the lineup. See Simmons v. United States, supra.

Concluding that the lineup in this case was constitutionally unobjectionable, and perceiving no error in the trial, we affirm the defendant's conviction.

Affirmed.