UNITED STATES of America, Appellee,

v.

John Zack MITCHELL, Appellant. No. 12617.

United States Court of Appeals Fourth Circuit.

Argued Dec. 6, 1968.

Decided April 1, 1969.

---

* of the Tenth Circuit, sitting by designation.

William A. Redfern, Jr., Norfolk Va. (Wolcott, Redfern, Spencer & Rivers, Norfolk, Va., on brief), for appellant.

Roger T. Williams, Asst., U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

HAYNSWORTH, Chief Judge:

John Zack Mitchell appeals his conviction for bank robbery. 18 U.S.C.A. § 2113(a). We affirm.

On February 11, 1966, the Church Street Branch of the Southern Bank of Norfolk was robbed at gunpoint by two Negro males. One of the robbers presented to the teller a note demanding money. This teller, while filling a paper sack with money, had an opportunity to observe the robber for an estimated period of thirty seconds. When the first robber left the second came to the teller's cage and told the teller not to "mess up." Both robbers then fled.

Attention focused to some extent on the defendant Mitchell immediately after the robbery. He was questioned the day following the robbery and his house was searched. Shown a number of pictures of Negro males, the teller picked out the one of Mitchell as resembling the first robber. It was not until April of 1967, when Mitchell was jailed on an unrelated charge, however, that he was identified from a line-up by the bank teller. Afterwards, when the positions of the persons in the line-up were successively shifted, the teller twice again identified Mitchell as the first robber. On January 8, 1968, the grand jury returned an indictment against Mitchell. He was found guilty after a trial by jury in June of 1968.

Mitchell asserts that the courtroom identification of him by the bank teller was tainted by the previous line-up identification which was made out of the presence of counsel. The Supreme Court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, held that the absence of counsel at a line-up was a violation of Sixth Amendment rights. That decision, however, is not to be retroactively applied to line-ups conducted prior to June 13, 1967. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. Mitchell argues that although his line-up was held prior to that date, the Supreme Court was concerned only with cases already tried or in the process of being tried and not with cases such as his which had not yet gone to trial. Were that the limit of the Court's concern, however, it could have applied the *Wade* rule to *trials* begun after the cutoff date as had been done in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, rather than to *line-ups* conducted after the cutoff date. The Supreme Court was obviously concerned over the suppression of evidence resulting from lineups held at a time when the police had no intimation of the requirement later announced in *Wade*. Thus we held in United States v. Hutto, 4 Cir., 393 F.2d 783, that the significant date was that of the line-up, not that of the trial.

Aside from the absence of a lawyer, there is no suggestion that the line-ups here were unfair or suggestive.

Prior to trial, defense counsel moved for disclosure of the entire government file. The trial judge recognized

that when, as here, there was a considerable lapse of time between the alleged crime and the trial, the defense is hampered in its attempt to gather evidence. He therefore ordered production of the entire government file and made an *in camera* inspection of it, turning over to the defendant all evidence favorable to him. Mitchell complains that only the defendant can make the determination of what evidence is favorable to him.[1] We think that the District Judge properly exercised his discretion. Witnesses for the prosecution can be endangered when their identities are prematurely disclosed to persons accused of violent crimes. The trial judge was correct in weighing the safety of potential witnesses in deciding whether to disclose the entire file. We have examined the entire file and have found nothing favorable to the defendant which was not revealed to him.

Our conclusion on this point is not affected by the recent decision of the Supreme Court in Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (decided March 10, 1968). There, the Supreme Court held that a defendant was entitled to examine the government's file of information obtained by admittedly illegal electronic surveillance to determine for himself whether it provided leads to evidence offered against him at the trial. Here the problem is uncomplicated by any policy of suppression of the fruits of illegal activity or any need to cloak the victim with the means of assurance that he was not prejudiced in his trial as a result of information illegally obtained by government agents. Here there is no suggestion that the prosecutor's file contained anything obtained directly or indirectly by any illegal activity. The defendant, at best, simply wished an opportunity for a fishing expedition, and, at the worst, to identify prospective government witnesses who might be subject to intimidation. The *Alderman* principle has no application here.

 We find no error in the court's charge and no harm to the defendant in the government's futile cross-examination of an uncooperative witness who successfully avoided saying anything helpful to the government's case.

The judgment of conviction is affirmed.

Affirmed.

---

1. A similar claim was rejected in United States v. Jordan, 2 Cir., 399 F.2d 610, 615.