**UNITED STATES of America,**
**Appellee,**

v.

**Charles T. BENNETT, Wilbert Haywood, Elmer Jessup, Henry Stanton and Farris Thomas, Defendants-Appellants.**

**Nos. 214–216, Dockets 32327, 32328, 32336.**

United States Court of Appeals
Second Circuit.

Sept. 9, 1969.

Certiorari Denied Oct. 13, 1969.
See 90 S.Ct. 113, 117.

---

I. 28 U.S.C. § 2255.

———◆———

Robert M. Morgenthau, U. S. Atty. (William J. Gilbreth and William B. Gray, Asst. U. S. Attys., of counsel), for appellee.

Farris Thomas, pro se.

Edward Bennett Williams, Patrick M. Wall and William E. McDaniels, Washington, D. C., for appellant Thomas.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and FRANKEL, District Judge.*

## ON PETITIONS FOR REHEARING OF DEFENDANT FARRIS THOMAS

FRIENDLY, Circuit Judge:

Leave to file out-of-time petitions for rehearing of our decision in 409 F.2d 888 (2 Cir. 1969) was sought by appellant Farris Thomas *pro se* and later by counsel who had represented him on the appeal. We granted leave and requested the Government to answer.

The only point raised which merits discussion is that, in light of Chimel v. California, decided June 23, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), the address books containing Jessup's telephone numbers and the business card of Austin Burke found in various parts of Thomas' bedroom after his arrest and the letter found in Joyce Hoffman's pocketbook in the bedroom closet, see 409 F.2d at 895–897, should not have been received in evidence. It may be, as the Government suggests, that the warrantless search for and seizure of some or even all of these items would have been allowable under *Chimel.* However, we are not required either to decide on the Government's contention, which might necessitate fur-

ther development of the facts, or to consider the possible application of the doctrine of harmless error as most recently explicated in Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). For, despite the Court's reluctance to decide the issue last spring, see Van Cleef v. New Jersey, 395 U.S. 814, 89 S.Ct. 2051, 23 L.Ed.2d 728 (1969), and Shipley v. California, 395 U.S. 818, 89 S.Ct. 2053, 23 L.Ed.2d 732 (1969), we do not regard *Chimel* as applicable to searches (other than that in *Chimel* itself) prior to June 23, 1969.

In Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967), the Court explained that in determining how far a newly announced constitutional rule of criminal procedure would be made prospective only, attention should be given to "(a) the purpose to be served by the new standards, (b) the extent of the reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of retroactive application of the new standards." All three considerations point to making *Chimel* prospective in the full sense of *Stovall* and Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969), namely, "only to the petitioner involved in the case in which the new rule is announced and to all future cases in which the proscribed official conduct has not yet occurred." Desist v. United States, *supra,* 394 U.S. at 257, 89 S.Ct. at 1038 (dissenting opinion of Mr. Justice Harlan). See United States v. Hutto, 393 F.2d 783, 784 & n. 3 (4 Cir. 1968). The purpose to be served by *Chimel* is deterrent; law enforcement officers had justifiably relied upon Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), and United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950);[1] and the effect of retroactive application

---

* Of the Southern District of New York, sitting by designation.

1. Although the *Chimel* opinion notes that the Court's decisions on the permissible scope of a warrantless search "have been

far from consistent," 395 U.S. at 755, 89 S.Ct. 2034, the Court recognized that *Harris* and *Rabinowitz* were generally accepted as setting out the applicable standards.

of *Chimel* on the administration of justice would thus be substantial even if this were limited to cases where the judgment had not become final. In contrast there is little to be said in favor of retroactivity under the standards the Court has announced. As pointed out in Linkletter v. Walker, 381 U.S. 618, 638, 639, 85 S.Ct. 1731, 1742, 1743, 14 L.Ed. 2d 601 (1965), "there is no likelihood of unreliability or coercion present in a search-and-seizure case"; the exclusionary rule is but a "procedural weapon that has no bearing on guilt"; and "the fairness of the trial is not under attack." See Desist v. United States, *supra*, 394 U.S. at 250–252, 89 S.Ct. 1030.

The petitions for rehearing are denied.[2]

---

2. The sentence in the opinion reading, 409 F.2d at 897:
 "Here there was no 'rummaging' through private papers; the letter was discovered in a lawful search of Joyce Hoffman's pocketbook for narcotics."
 should be modified by adding

"and for communications indicating a connection with other conspirators similar to those that had been found in the case of other arrests."

Our reference, of course, is to pre-*Chimel* law.