**UNITED STATES of America,**
Appellee,

v.

**Esmeraldo GAZARD COLON, Appellant.**
No. 299, Docket 33931.

United States Court of Appeals
Second Circuit.
Argued Nov. 18, 1969.
Decided Dec. 11, 1969.

Henry K. Chapman, New York City, for appellant.

John J. Kelleher, Asst. U. S. Atty., Southern District of N. Y. (Robert M. Morgenthau, U. S. Atty., and Paul B. Galvani, Asst. U. S. Atty., Southern District of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and DANAHER* and ANDERSON, Circuit Judges.

PER CURIAM:

Esmeraldo G. Colon was sentenced on April 22, 1969 to 12 years imprisonment, as a second offender, following his conviction for receiving and concealing 11.350 grams of heroin in violation of 21 U.S.C. §§ 173 and 174.

On this appeal he raises two points, first, that there was a lack of probable cause for his warrantless arrest and the incidental search; and, second, that the trial court erred in not requiring the Government to reveal the name of the informer. Probable cause for the arrest was based upon what the informer told the narcotics agents and their own knowledge and observations. The informer had told Agent Moser about illicit narcotics activities during the preceding five months, and had given him at least six tips—three of which had led to arrests and the seizure of a quarter of a kilogram of pure heroin. The cases stemming from the arrests were still pending at the time of Colon's arrest on April 23, 1968. The agents knew that Colon had been convicted in Puerto Rico and more recently had been arrested in New York on narcotics charges.

The informer, who had been a runner for Colon, told the agents that on the previous day he had observed Colon with one Nelson, his lieutenant, in a yellow 1968 Chevrolet with black vinyl top; that Colon gave a packet enclosed in tinfoil to Nelson, who entered the hallway of a nearby building and distributed the contents to persons whom the informer knew were Colon's runners; and

* John A. Danaher, Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

that he also heard that Colon would return the next morning, April 23rd, with narcotics, which Colon usually carried, concealed, under the front seat of his automobile. After giving the agents this information, the informer led them to a place in the Bronx where Colon kept his car. The informer left, and the agents kept the car under surveillance. Shortly thereafter Colon appeared, unlocked his car after looking around, reached in his right hand pocket and bent over as if he were placing something under the front seat. He drove off but was stopped and placed under arrest. A search revealed a packet of heroin under the front seat.

The appellant argues that, unless the prior information on which the agents based their conclusion as to the informer's reliability led to convictions, it may not be considered dependable. But this is not so. A variety of factors having nothing to do with the truth and dependability of the informer's story may prevent a conviction, and it would be highly technical and unnecessary to make this a prerequisite. If such previous disclosures led to arrests and the discovery of narcotics, the trier is justified in finding that the agents properly considered such past experiences with the informer as factors supporting the reliability of what the informer said to them relative to the investigation then being pursued. See *Smith v. United States*, 123 U.S.App.D.C. 202, 358 F.2d 833 (1966), cert. denied 386 U.S. 1008, 87 S.Ct. 1350, 18 L.Ed.2d 448 (1967).

The appellant further argues that even if the informer was believable, there was still insufficient information in hand to constitute probable cause for arrest under the holdings of *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We are satisfied, however, that the principles enunciated in those cases have been fulfilled. There were present circumstances which were sufficient to show the general reliability of the informer and the basis and source of his information. *United States v. Acarino*, 408 F.2d 512, 514 (2 Cir.), cert. denied, 395 U.S. 961, 89 S.Ct. 2101, 23 L.Ed.2d 746 (1969).

Appellant's claim of error in the trial court's refusal to order the Government to disclose the name of the informer must also be rejected. There is nothing in the case that has cast the slightest suspicion or doubt on the accuracy of the informer's information, and the agents own knowledge and observations of Colon substantially confirmed the informer's story. Under these circumstances it was not error for the trial court to refuse to order disclosure of the informer's name. *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *United States v. Tucker*, 380 F.2d 206, 211–214 (2 Cir. 1967); *United States v. Shyvers*, 385 F.2d 837, 839 (2 Cir. 1967), cert. denied, 390 U.S. 998, 88 S.Ct. 1203, 20 L.Ed.2d 98, rehearing denied 390 U.S. 1046, 88 S.Ct. 1640, 20 L.Ed.2d 311 (1968).

The judgment of conviction is affirmed.