UNITED STATES of America,
Appellee,

v.

Paul CHAPLIN, Appellant.

No. 695, Docket 33182.

United States Court of Appeals,
Second Circuit.

Argued April 16, 1970.

Decided May 21, 1970.

Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York; Peter L. Truebner and Jack Kaplan, Asst. U. S. Attys., of counsel, for appellee.

Samuel W. Gilman, New York City, for appellant.

Before WATERMAN and FRIEND-LY, Circuit Judges, and ZAMPANO, District Judge.*

PER CURIAM:

Following a non-jury trial before Judge Marvin E. Frankel in the United States District Court for the Southern District of New York, appellant Paul Chaplin was convicted of the unlawful receipt and concealment of approximately 100 grams of heroin. 21 U.S.C. §§ 173, 174. We affirm the judgment.

Appellant first contends there was no probable cause for his arrest. At appellant's pretrial suppression hearing, agent O'Brien testified that surveillance prior to the arrest had revealed a pattern of clandestine meetings between appellant and two other narcotic suspects. On one occasion, Chaplin was seen to pass a large sum of money to the suspected narcotics traffickers; shortly thereafter the agent observed Chaplin emerge from the suspects' car supporting something under his jacket. On another occasion, Chaplin was a party to an incriminating conversation which was overheard by a federal agent. The vehicles used by the appellant in his dealings with these suspects were registered to known narcotic offenders. Finally, after observing the appellant's involvement in another similar transaction on October 9, 1967, the agents moved in and arrested Chaplin in his automobile. A search of the vehicle uncovered the heroin.

■ The appellant argues that had the search not disclosed the contraband, there would not have been sufficient evidence to sustain a conviction. While this may be true, the requirements of probable cause are not grounded on so rigid a test, but on the "practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). Much less

evidence is necessary to constitute probable cause for arrest than is required to establish guilt. Draper v. United States, 358 U.S. 307, 311–312, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). We believe that under the circumstances here the officers reasonably determined that a violation of the narcotics laws had occurred, cf. Henry v. United States, 361 U.S. 98, 104, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); probable cause, therefore, existed for Chaplin's arrest.

■■ The appellant next asserts that, even assuming the arrest was valid, the officers were required first to obtain a warrant before they conducted a search of the vehicle. The claim is without merit. Since the search and seizure occurred in 1967, we need not consider whether the principles established in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) apply. See United States v. Bennett, 415 F.2d 1113 (2 Cir. 1969). Pre-*Chimel* law clearly authorized the search of the appellant's automobile at the time and place of the arrest. United States v. Rabinowitz, 339 U.S. 56, 61, 70 S.Ct. 430, 94 L.Ed. 653 (1950); United States v. Mazzochi, 424 F.2d 49 (2 Cir. 1970); United States v. Gorman, 355 F.2d 151, 154–155 (2 Cir. 1965), cert. denied, 384 U.S. 1024, 86 S.Ct. 1962, 16 L.Ed.2d 1027 (1966).

■ Appellant's final complaint is that Judge Croake's pretrial denial of his motion to suppress "without prejudice" entitled him to another plenary hearing before the trial judge. Upon counsel's renewal of the motion at trial, Judge Frankel permitted the appellant to present only the testimony of a witness who was unavailable at the time of the original hearing. This testimony was completely consistent with Judge Croake's pretrial disposition of the issues; the trial judge was not required to pursue the matter further. See Fed.R.Crim.P. 41(e); United States v. Culotta, 413 F.2d 1343, 1345 (2 Cir. 1969).

Affirmed.

* Of the District of Connecticut, sitting by designation.