**UNITED STATES of America,**
**Appellee,**

v.

**Anthony OLIVA, Appellant.**

**No. 82, Docket 34313.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 16, 1970.

Decided Sept. 30, 1970.

Daniel M. Armstrong, David G. Trager, Asst. U. S. Attys., Edward R. Neaher, U. S. Atty., for appellee.

John R. Horan, New York City, for appellant.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant Anthony Oliva was indicted on two counts. Count one charged him with wilfully and knowingly receiving and concealing approximately 4.605 grams of heroin, knowing the same to have been imported and brought into the United States contrary to law, in violation of 21 U.S.C. § 174. Count two charged him with unlawfully dispensing and distributing approximately 4.605 grams of heroin in glassine bags which were not in or from the original package bearing tax stamps required by law, in violation of 26 U.S.C. § 4704(a). After a trial in the United States District Court for the Eastern District of New York, before Kent, J., sitting without a jury, Oliva was convicted on both counts and sentenced to concurrent twelve and five year terms.

Taking the evidence in this case in the light most favorable to the Government, as we must, United States v. Fiorillo, 376 F.2d 180, 183 (2 Cir. 1967), it appears that during June 1968 federal narcotics agent Thomas O'Grady learned from a confidential informer that Oliva, known to O'Grady to be a prior narcotics offender, had been personally seen by the informer in the possession of heroin at an address where Oliva was living. The informer's information as to the address, Oliva's living companion, and the apartment's telephone number was readily verified. O'Grady testified that the informer had given him reliable information in the past concerning six other narcotics offenders and that he knew of one conviction that resulted from this informer's earlier tips.

On the basis of this tip, Oliva was placed under surveillance. He was observed for several hours while in a bar, and was also watched during two trips to his apartment in the company of unidentified men who, on both occasions, waited for appellant in the vestibule outside the apartment. On the second of these occasions O'Grady, who had stationed himself under a nearby stairway, was spotted by the unidentified visitor, who fled, and by Oliva, who was coming out of the apartment. Oliva then attempted to take refuge in the apartment, but was forthwith halted by O'Grady, who formally arrested Oliva inside the apartment.

Oliva was searched. No contraband or weapons were found on him. He was then handcuffed, taken into the kitchen, and informed of his rights. O'Grady, with the aid of two other agents who had joined him, then searched the kitchen where nothing incriminating was found, and a bedroom which Olivia had indicated was his bedroom. Upon finding a duffelbag there, the agents asked Oliva whose bag it was. Oliva stated that it was his. The agents then searched it and found the glassine envelopes of heroin upon which Oliva's conviction is based. Oliva denied ownership of the heroin.

The search of his apartment was upheld by the trial court as incident to Oliva's arrest, and appellant's major contention is that Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), should be applied retroactively to invalidate it. Although the Supreme Court has not yet decided whether Chimel is to be retroactively applied, we decided against retroactivity in United States v. Bennett, 415 F.2d 1113 (2 Cir. 1969), and in United States v. Valdes, 417 F.2d 335 (2 Cir. 1969), cert. denied, 399 U.S. 912, 90 S.Ct. 2206, 26 L.Ed.2d 566 (1970). Appellant also contends that even under pre-Chimel law the search was unconstitutional in that the officers could have obtained a search warrant. Apparently this latter argument is raised for the first time on appeal and, in any event, if the search were incident to a valid arrest the argument is without merit. Harris v. United

States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States v. Francolino, 367 F.2d 1013, 1016–1019 (2 Cir. 1966); cert. denied, 386 U.S. 960, 87 S.Ct. 1020, 18 L.Ed.2d 110 (1967); United States ex rel. Mahoney v. LaVallee, 396 F.2d 887 (2 Cir. 1968), cert. denied, 395 U.S. 985, 89 S.Ct. 2137, 23 L.Ed.2d 774 (1969); United States v. Sparano, 422 F.2d 1095, 1097 (2 Cir. 1970).

■ Oliva, of course, contends that the arrest, and hence the search, was invalid. He maintains that O'Grady lacked probable cause for the arrest. We disagree. While it is true that O'Grady's own observations were entirely consistent with Oliva's possible innocence, the informer's reliability was sufficiently established under the dual requirements of Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), and the combination of the tip and O'Grady's observations, taken together, surely provided probable cause to arrest Oliva. Cf. United States v. Comissiong, 429 F.2d 834 (2 Cir. July 30, 1970).

■ Oliva's final contention is that the trial court erred in not requiring the informer to testify or in not requiring that the Government disclose his identity. Appellant's argument is not supported by such a set of circumstances as to place this case within the rule of Roviario v. United States, 353 U.S. 53, 77 S. Ct. 623, 1 L.Ed.2d 639 (1957), but in essence the argument is directed to the issue of whether there was probable cause for the arrest. This case, therefore, is analogous to United States v. Malo, 417 F.2d 1242, 1245 (2 Cir. 1969), cert. denied, 397 U.S. 995, 90 S.Ct. 1135, 25 L. Ed.2d 403 (1970), and United States v. Gazard-Colon, 419 F.2d 120, 122 (2 Cir. 1969), and the denial of defendant's request for a disclosure was in the trial court's discretion. Without any indication from defendant as to supportable grounds for disbelieving O'Grady or O'Grady's informant, we cannot say that the trial court abused its discretion in denying the defense request.

The conviction is affirmed.