Leonard Taylor **MYRICKS**, Petitioner-
Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 20239.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 1970.

D. Michael Kratchman, Detroit, Mich., for appellant.

Peter M. Handwork, Asst. U. S. Atty., Toledo, Ohio, for appellee; Robert B.

Krupansky, U. S. Atty., Toledo, Ohio, on brief.

Before PHILLIPS, Chief Judge, WEICK and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from an order denying a motion to vacate sentence under 28 U.S.C. § 2255 (1964). The District Judge who denied this motion was the same Judge who presided over appellant's trial when he was found guilty of conspiracy and bank robbery. Without further evidentiary hearing the District Judge denied the motion to vacate on the basis of the trial record.

The record of this trial discloses that a bank teller positively identified appellant as the man who robbed her. In addition, a coconspirator, Askew, testified to going with appellant and his codefendant, Bailey, to purchase a .32 caliber automatic and a .32 caliber revolver at a gun store in Maumee, Ohio. Askew also testified to driving appellant and Bailey to the vicinity of the First National Bank of Toledo at Dorr and Junction. Askew testified that on the way, they discussed robbing a bank, that appellant and Bailey got out of the car, and after five minutes, they came running back with a bag, and that subsequently they gave him $150. Askew's testimony was corroborated in important and relevant aspects by two other witnesses.

Additionally, a Miss Dorothy Finkenbiner testified, without objection, to the purchase of the automatic and the revolver by appellant and Bailey at a gun store in Maumee, Ohio.

Automatic camera pictures taken during the robbery were also admitted in evidence and were before the jury which found appellant guilty.

Although notified under Rule 32(a) (2) of the Federal Rules of Criminal Procedure of his right to appeal after his conviction, appellant took no direct appeal; but as noted, he subsequently filed this motion to vacate sentence.

The principal appellate issue argued by counsel for Myricks appears to be that appellant was denied due process because of lack of effective assistance of counsel when his trial counsel failed to move to suppress a receipt for the purchase of the guns (referred to above) and the evidence appellant claims was derived therefrom given by Dorothy Finkenbiner. Appellant now claims a receipt for these guns taken by the FBI when appellant was arrested was illegally seized under the doctrine of Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). It is clear, however, that the disputed receipt was never introduced in evidence. At trial there was no objection to Miss Finkenbiner's testimony nor was any attempt made to relate it to the receipt.

The lack of effective counsel argument is a little hard on appellant's trial counsel, since, as the District Judge who heard his § 2255 motion noted, this case was tried before *Chimel, supra,* was decided. It would seem harsh to require lawyers (or appellate judges) to anticipate future decisions of the Supreme Court on pain of being held incompetent when they failed to do so. A review of this record convinces us that, as found by the District Judge, there is no merit to the claims of denial of counsel.

Additionally, this court has held that Chimel v. California, *supra,* should not be applied retroactively. Turner v. United States, 426 F.2d 480 (6th Cir. 1970). *See also* United States v. Bennett, 415 F.2d 1113 (2d Cir. 1969).

We also find no merit to the claim that appellant was deprived of his right to appeal or of the information pertaining thereto provided for by Rule 32(a) (2).

Nor do we believe that appellant's constitutional rights were abused by erroneous admission of Miss Finkenbiner's testimony; and in any event, on this record, we would hold that if there were such error, it was harmless beyond reasonable doubt within the doctrine of

Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Similarly, we find no abuse or reversible error in the District Judge's denial of this motion because of claimed error in the charge. *See* United States v. Carter, 422 F.2d 519 (6th Cir. 1970).

The judgment of the District Court is affirmed.