■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. DORSEY HUNT, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated November 5, 1970, which granted defendant's oral motion to suppress evidence, after a hearing. Order reversed, on the law, and defendant's motion denied. Defendant was indicted for unlawfully possessing a weapon, a hypodermic instrument and a dangerous drug on or about June 5, 1969. At the suppression hearing, there was evidence that on June 5, 1969 several parole officers went to an address in Brooklyn, armed with a warrant for defendant's arrest as a parole violator. He was charged with failing to report to his parole officer and leaving his residence and employment without permission. The door was opened by a woman; and defendant was standing behind her in his underwear. The officers entered the apartment, sat defendant down on a sofa and told him he was under arrest. One of the officers then commenced a search of the bedroom and seized the items sought to be suppressed. In our opinion, the search and seizure did not violate defendant's constitutional rights and the Criminal Term erred in granting suppression. The search was incidental to an arrest on a valid administrative warrant (*People* v. *Randazzo*, 15 N Y 2d 526, cert. den. 381 U. S. 953; *United States ex rel. Randazzo* v. *Follette*, 282 F. Supp. 10, affd. 418 F. 2d 1319). Furthermore, we believe the parole officers could reasonably search the apartment under these circumstances to determine whether defendant was slipping back into criminal activity (see *People* v. *Santos*, 31 A D 2d 508, affd. 25 N Y 2d 976, cert. den. 397 U. S. 969). We note that it makes no difference whether the instant search was wider than that permitted under the rule of *Chimel* v. *California* (395 U. S. 752), since *Chimel* is inapplicable to searches conducted before June 23, 1969 (*United States* v. *Bennett*, 415 F. 2d 1113; see *People* v. *Lo Cicero*, 28 N Y 2d 525). Also, any issue as to whether defendant can

properly be convicted of "possessing" the seized items must properly await a full trial. Munder, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.