■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. RALPH BUIA, Respondent.— Order, Supreme Court, New York County, entered on March 3, 1971, so far as appealed from, affirmed on the opinion of Birns, J., at Trial Term. Concur — Nunez, Kupferman, McNally and Tilzer, JJ.; McGivern, J. P., dissents in a memorandum as follows: I would reverse here and deny the motion to suppress. The trial court's reliance on People v. Lo Cicero (28 N Y 2d 525) as requiring Chimel v. California (395 U. S. 752) to be given retroactive effect here, is misplaced. In United States v. Bennett (415 F. 2d 1113, cert. den., 402 U. S. 984) it was held that Chimel was not applicable to searches prior to June 23, 1969. (See, also, Williams v. United States, 401 U. S. 646.) It is suggested that the New York courts have granted broader retroactive scope to the Chimel decision in People v. Lo Cicero so as to apply the rule to cases not fully tried. I think that People v. Lo Cicero should not be so construed. In that case both the search and the judgment based on a plea of guilty had occurred before June 23, 1969. Hence all Lo Cicero decided was that Chimel was not to be retroactively applied here. In the short memorandum of the Court of Appeals, the court merely said (p. 527): "there is no need or warrant to accord retroactive effect to that rule [Chimel] to a search and an action fully tried before the decision in that case". Lo Cicero

did not say *Chimel* would be applied where the search was before June 23, 1969, but the case was not fully disposed of until after that date. The reasoning of Friendly, J., in *United States* v. *Bennett* (*supra*) indicates a sound basis for denying the application of *Chimel* to all cases where the search was conducted before June 23, 1969. In *People* v. *Hunt* (38 A D 2d 756), where the appeal was from an order of suppression, the court held that "*Chimel* is inapplicable to searches conducted before June 23, 1969" citing *United States* v. *Bennett* and *People* v. *Lo Cicero*. Hence, the only square holding by an appellate court upon the question of retroactivity presented herein is *People* v. *Hunt*. I would follow that holding in the absence of any direct ruling by the Court of Appeals.