560 F.2d 393
 James Eugene LEWIS, Appellant,
v.
Ewing GOURLEY, Director, Division of Corrections, Missouri
Department of Social Services, and Donald W.
Wyrick, Warden, Missouri State
Penitentiary, Appellees.
 No. 76-1790.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Aug. 17, 1977.
Decided Aug. 19, 1977.
Rehearing and Rehearing En Banc Sept. 14, 1977.
 
 Robert G. Duncan, Kansas City, Mo., for appellant.
 John D. Ashcroft, Atty. Gen. and Robert M. Sommers, Asst. Atty. Gen., Jefferson City, Mo., and Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Mo., filed supplemental brief, for appellees.
 Before LAY, BRIGHT and WEBSTER, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Eugene Lewis appeals from the District Court's[1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.
 
 
 2
 Petitioner was arrested and charged by Missouri authorities with possession of cocaine, in violation of § 195.020, Mo.Rev.Stat. He has been tried twice in the Clay County, Missouri Circuit Court. Prior to his first trial, before Judge Rooney, he moved to suppress introduction of the cocaine. His motion was denied after a hearing, and a jury trial followed. When the jury was unable to reach a verdict, a mistrial was declared. The second trial was held before Judge Pratt. On the day of trial, petitioner filed a motion to suppress the cocaine. His attorney stated to Judge Pratt that this motion was the same as that ruled upon by Judge Rooney. Judge Pratt denied the motion without a hearing. Trial was again had to a jury, which returned a verdict of guilty. Petitioner was sentenced to ten years imprisonment. His conviction was affirmed on appeal. State v. Lewis, 526 S.W.2d 49 (Mo.App.1975).
 
 
 3
 Petitioner thereupon filed the instant petition for a writ of habeas corpus in the District Court, alleging a number of grounds for relief, including his claim that the cocaine was discovered as a result of an unconstitutional search. The District Court denied relief upon all grounds. The court held that consideration of petitioner's Fourth Amendment claim was barred by Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).
 
 
 4
 Petitioner now appeals, and alleges that the District Court erred in applying Stone v. Powell because he had not been afforded a full and fair hearing on his Fourth Amendment claim in state court. The essence of petitioner's argument is that the failure to grant him a plenary hearing on his motion to suppress filed on the day of his second trial amounted to a denial of a full and fair opportunity to litigate his Fourth Amendment claim in state court. The State replies that the first suppression hearing meets the standard of Stone v. Powell, and that no further hearing was required.
 
 
 5
 We agree with the State's position. Neither the parties' briefs nor our own research has disclosed any reported cases precisely on point. A few cases, however, have discussed the necessity for holding a second suppression hearing in analogous situations.
 
 
 6
 In Evalt v. United States, 382 F.2d 424 (9th Cir. 1967), defendant's motion to suppress evidence as the fruit of an unlawful arrest was denied after a hearing and he was convicted at trial. On appeal, his conviction was reversed, but the appellate court held that probable cause existed for his arrest. Before his second trial, defendant sought a hearing on a second motion to suppress. The court refused to hold a hearing and defendant was subsequently convicted. On appeal, the court held that there was no error in refusing to hold a second hearing, because defendant alleged no facts different from those found on the prior appeal.
 
 
 7
 In United States v. Culotta, 413 F.2d 1343 (2d Cir. 1969), cert. denied, 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970), a pretrial motion to suppress was denied by Judge Palmieri. At a trial before Judge Cannella, the motion was renewed and based on the same facts as the pretrial motion. The second motion was denied without a hearing. On appeal the court held that there was no error in the rulings on the motion to suppress. See also United States v. Chaplin, 427 F.2d 14 (2d Cir.), cert. denied, 400 U.S. 830, 91 S.Ct. 59, 27 L.Ed.2d 60 (1970).
 
 
 8
 Although none of these cases dealt with a Stone v. Powell problem, they are instructive on three points relevant to the instant case. First, that a prior trial has been terminated does not require that another hearing be held on an identical motion to suppress. See Evalt v. United States, supra. Second, that a different judge is presiding when the second motion is made does not entitle a defendant to a second hearing. See United States v. Culotta, supra; United States v. Chaplin, supra. Third, and most important, no hearing is required unless facts are alleged which are different from those alleged in a prior motion. See United States v. Scott, 524 F.2d 465 (5th Cir. 1975); United States v. Collins, 349 F.2d 863 (2d Cir. 1965), cert. denied, 383 U.S. 960, 86 S.Ct. 1228, 16 L.Ed.2d 303 (1966).
 
 
 9
 Petitioner was unquestionably afforded an opportunity to fully and fairly litigate his Fourth Amendment claim on his first motion to suppress.[2] The doctrine of Stone v. Powell bars relitigation of that claim in a federal habeas corpus proceeding. See Hines v. Auger, 550 F.2d 1094, 1097 (8th Cir. 1977).
 
 
 10
 The order of the District Court is affirmed.
 
 
 
 [1]
 Honorable William H. Becker, Senior United States District Judge for the Western District of Missouri
 
 
 [2]
 We note that, under Missouri law, petitioner could have raised on appeal from his second trial any claim of error based on the ruling on the first motion to suppress provided a proper objection was made at trial. See State v. Lewis, supra, 526 S.W.2d at 54. Cf. State v. Bryson, 506 S.W.2d 358, 361 (Mo.1974)