**Ronald Jess TAYLOR, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19112.**

United States Court of Appeals
Ninth Circuit.

Oct. 15, 1965.

Rehearing Denied Nov. 23, 1965.

Peter J. Hughes, Sheela, O'Laughlin, Hughes & Hunter, San Diego, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Sec., Elmer Enstrom, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, and KOELSCH, Circuit Judges, and JAMESON, District Judge.

CHAMBERS, Circuit Judge:

Taylor drove an automobile from Tijuana, Baja California, to the San Ysidro American border checking station near San Diego. Stopped by a customs officer, he eluded him by saying he, Taylor, wanted to go back into Mexico. The customs officer specified a short route back. But Taylor, not noticed at the time, departed from the route, did not return to Mexico, but parked the car at a drive-in refreshment stand on the American side, some 850 feet from the international gate.

Very shortly his wife, with a child, appeared to cross at the station on foot into the United States. Circumstances indicated to the customs officers that they should interrogate her closely. Soon Taylor was observed walking toward the customs station from the American side. He was brought in and more highly suspicious circumstances developed. The officers determined that they should search the car. This they did. There they found eight packages of marijuana under the back seat.

The sole question is whether the search was a border search. If it was, no probable cause and no warrant was necessary. The government contended below and contends here that Taylor has no standing to object. (Apparently the car was another's.) Inasmuch as we have no doubt that the search was a border search, we pass over the government's contention.

If by his own trick in eluding examination of the car at the border Taylor can benefit by his own wrong, we would make the law absurd. Without the special circumstances, we think 850 feet away, coupled with a closeness in time, is well within "border search" and the rights of officers in connection therewith. See Murgia v. United States, 9 Cir., 285 F.2d 14. This is an a fortiori case.

We do not decide, but do say it is possible, on the facts here, that *any* officer observing the events would have been justified in making the search.

Judgment affirmed.