**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**David Humberto GARCIA,**
**Defendant-Appellant.**

**No. 23874.**

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1969.

✑661

William N. Fielden, La Jolla, Cal., for the defendant-appellant.

Shelby R. Gott (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., Joseph A. Milchen, Asst. U. S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BARNES and TRASK, Circuit Judges, and PLUMMER * District Judge.

BARNES, Circuit Judge.

Appellant, charged with two other co-defendants in an eleven count indictment dealing with heroin, bulk marijuana, hashish, marijuana cigarettes, seconal capsules and amphetamine tablets, was convicted on five counts after three counts were dismissed by the trial judge.

Appellant was sentenced to eight years, on the 110 pounds of marijuana importation and transportation counts; two years on the importation and transporting of 87,000 amphetamine tablets; and five years on the possession of marijuana cigarettes count. All sentences were ordered to run concurrently, and concurrent with a sentence appellant was presently serving at the time of his sentence.

The principal question raised is whether there was adequate proof of probable cause for the arrest of appellant by the Customs officers. The trial court held there was, and we agree that probable cause clearly existed.

Many facts were known to the arresting officers, including the fact the Pontiac automobile which had just been used by defendants Hernandez and Trujillo to bring narcotics into this country was registered in the name of appellant David H. Garcia, as owner. This automobile not only was used to actually transport narcotics, it was fitted with secret compartments commonly used by commercial smugglers.

The arrest was made when appellant left a second auto and demanded entry into a motel room rented to one "Carlos" Garcia but occupied by the defendant Hernandez, already under arrest for smuggling and transporting narcotics. During interrogation the motor of appellant's auto was running. The facts thus are not similar to Chimel v. California, 395 U.S. 752 at 764, n. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

The search incident to the arrest was at the border, 440 yards south of the place of arrest. We need not decide if the search was a border search, for we do not reach that question, having found probable cause. But see 19 U.S.C. § 1581(a).

Were it necessary to determine if the search was a border search, we note the appellant admitted to the arresting officer he had just crossed the Mexican-American border. (R.T. 93–94.) With this knowledge, the search would well be considered a border search. Cf. Taylor v. United States, 9 Cir., 352 F.2d 328 and Murgia v. United States, 9 Cir., 285 F.2d 14.

Appellant lastly suggests there was error in a point stated in the briefs but

* Hon. Raymond E. Plummer, Chief Judge, U. S. District Court, Anchorage, Alaska, sitting by designation.

not urged in oral argument. The Government, states appellant, "must bring out statements of a defendant in its case in chief." No cases are cited which support this position, and we know of none.

 The Government is not required to place into evidence in its case-in-chief nonincriminating self-serving statements of a defendant tending to establish his innocence. Were that done there would be before the jury a claim of innocence without any opportunity for cross-examination. We conclude there is no merit in this alleged error.

Finding no error, we affirm.