**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Martin Leon LAKER, Defendant-Appellant.**

**No. 20028.**

United States Court of Appeals, Sixth Circuit.

May 28, 1970.

Coleman E. Klein, Detroit, Mich., for defendant-appellant; Joel M. Shere (court appointed), Detroit, Mich., on the brief.

J. Kenneth Lowrie, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; James H. Brickley, U. S. Atty., Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., on the brief.

Before WEICK, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This matter comes before this Court on appeal from the United States District Court for the Eastern District of Michigan. Appellant was charged and convicted in a jury trial of committing an unarmed robbery of a federally insured bank in violation of Title 18, U.S.C. § 2113(a). He represented himself at trial with the aid of court appointed counsel for the purposes of consultation, presentation of objections, and limited participation in the trial. Appellant was sentenced to a ten-year term of imprisonment.

Appellant raises two issues on appeal: that the displaying of certain pictures to the prospective witnesses without the presence of defense counsel tainted the witnesses' identifications and (2) that the admission of evidence that the Appellant had a hand gun in his car when apprehended was prejudicial error.

 We find no merit in Appellant's claim that the identification of the three Government witnesses was tainted. Appellant does not object to the original identification of Appellant from the bank's films of the robbery. Rather, he objects to the Government's witnesses' memories being refreshed six months later by being reshown these same pictures. We do not believe that the procedure used was so "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed. 2d 1247 (1968). Further, the District Court permitted a full and intensive examination of the witnesses as to each occasion in which they were asked to identify, select or refresh their memories from previously identified pictures.

As to the introduction into evidence of the hand gun found in the car of Appellant, we believe this to be error. Appellant was charged with an unarmed robbery. The presence of a gun in his car has no probative weight in establishing the Appellant's guilt or innocence. On the other hand, it is a fact which is likely to induce the jury to speculate as to other bad acts which the accused may have committed. United States v. Reid, 410 F.2d 1223, 1226 (7th Cir. 1969); Brubaker v. United States, 183 F.2d 894, 898 (6th Cir. 1950). While the introduction of the evidence was error, a review of the facts of the case reveals that the evidence of Appellant's guilt was so overwhelming that the error was rendered harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). See United States v. Blackburn, 389 F. 2d 93, 95–97 (6th Cir. 1968).

There being no reversible error, the judgment of the District Court is affirmed.