**UNITED STATES of America,**
**Appellee,**

v.

**Eugene TAYLOR, Appellant.**

**No. 19549.**

United States Court of Appeals,
Eighth Circuit.

June 8, 1970.

Rehearing Denied and Rehearing En
Banc Denied July 7, 1970.

Thomas P. Howe, Clayton, Mo., for appellant; John J. Stewart, Clayton, Mo., on the brief.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Daniel Bartlett, Jr., U. S. Atty., on the brief.

Before BLACKMUN, GIBSON and LAY, Circuit Judges.

GIBSON, Circuit Judge.

The defendant Eugene Taylor was found guilty in a jury trial of unlawful possession of property stolen from an interstate shipment in violation of 18 U.S. C. § 659. Taylor received a sentence of three years. The only issue raised in this appeal is the legality of the search and seizure of the stolen property, consisting of some new automobile tires.

Taylor contends his Fourth Amendment rights protecting against unreasonable searches and seizures were violated by the officers in the identification of the tires, the contemporaneous arrest of Taylor and his associates, and the seizure of the tires. A pre-trial motion to suppress the physical evidence of the tires and the testimony of the arresting officer on the basis of an illegal search was denied.

The facts relating to the seizure and arrest of the defendant are essentially undisputed. On June 5, 1968, an interstate shipment of 963 new automobile tires shipped by the E. J. Korvette Company from Cool Valley, St. Louis County, Missouri towards Chicago, Illinois, was stolen from the trailer containing the tires while the trailer was parked in a terminal lot in St. Louis, Missouri. The trailer was found empty on the day of the theft in St. Charles, Missouri. On June 7, the police received an anonymous letter informing them that at 5:45 p. m. on June 5 new tires were taken to the residence at 9737 Baltimore Avenue, Breckenridge Hills, Missouri. The letter also contained a newspaper clipping from the St. Louis *Globe Democrat* which was an account of the theft of the shipment of E. J. Korvette tires.

The residence at 9737 Baltimore Avenue was known by Chief Choate of the Breckenridge Hills police to be the home of defendant Taylor. Choate had previously found Taylor in possession of

stolen carburetors and knew of Taylor's reputation as a dealer in stolen merchandise. In cooperation with the St. Louis police and the FBI, Chief Choate established surveillance of Taylor's residence.

On June 11, while continuing the surveillance, the officers observed a dump truck parked completely off the street close to the rear door of the house. The officers further observed a person in the truck loading tires into it. These tires were in turn being passed to that individual by a person standing on the ground who was taking the tires from another person who was in the basement of the Taylor home. The police officers also were able to ascertain from the street that the tires being loaded onto the dump truck were new ones (as were the ones in the stolen interstate shipment).

The shipper had furnished the police with a list of the tires stolen in the interstate shipment. After observing the new tires being loaded into the dump truck Chief Choate went to the truck, climbed upon it, looked at the tires already loaded and compared them with his list. The tires on the truck were among those stolen from the Korvette Company trailer. Defendant and his companions were immediately placed under arrest and the police then seized 78 new automobile tires all of which matched the shipper's list of stolen tires. No warrant had been issued authorizing a search of the defendant's premises or his dump truck, nor had a warrant for his arrest been issued.

The defendant makes two major contentions. First, because the dump truck was parked completely on the driveway of his home, he contends the truck was within the area of curtilage and is to be considered as if it were the defendant's residence. Therefore, because the truck was located within the area of curtilage, it is contended the existence of probable cause at street level does not validate the warrantless search of the dump truck. Second, the defendant asserts that the search of his truck cannot be validated as incident to a lawful arrest because the search preceded the arrest.

As a general rule the Fourth Amendment requires police officers to obtain search warrants, "subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967). See Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

■ One exception to this principle is "that, assuming the existence of probable cause, automobiles and other vehicles may be searched without warrants 'where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.' Carroll v. United States, 267 U.S. 132, 153, 45 S.Ct. 280, 285, 69 L.Ed. 543; see Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879." Chimel v. California, 395 U.S. 752, 764 n. 9, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The obvious rationale for this exception was stated by Mr. Justice Black in *Preston, supra* at 366–367, 84 S.Ct. at 883:

> "Common sense dictates, of course, that questions involving search of motor cars or other things readily moved cannot be treated as identical to questions arising out of searches of fixed structures like houses. For this reason, what may be unreasonable search of a house may be reasonable in the case of a motor car."

■ Nonetheless, it is clear that a search of a motor vehicle must meet the test of reasonableness under the Fourth Amendment before evidence obtained as a result of such a warrantless search is admissible. *Id.* at 366, 84 S.Ct. 881. This test of reasonableness has been translated by the courts into the objective test of probable cause. Probable cause to search exists when the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that the property to be seized will be found in a

particular place or on a particular person.

■ While this court has recognized the curtilage doctrine and has held that the area immediately adjacent to the home is entitled to the same protection against unreasonable search and seizures as is the home, Hobson v. United States, 226 F.2d 890 (8th Cir. 1955), this doctrine is subject to the same exception as the Fourth Amendment requirement of search warrants in general; that is, if the circumstances of the individual case make it impracticable to obtain a search warrant, a warrantless search and seizure is valid if it meets the test of reasonableness. Here, we are not dealing with the search of defendant's home or its immediate premises but with the search of a dump truck parked on the defendant's driveway. The truck was obviously being loaded for the purpose of transporting the new tires to some unknown destination and was capable of being driven from the area at any time. Hence, the exception to the Fourth Amendment's search warrant requirement is applicable here.

Niro v. United States, 388 F.2d 535 (1st Cir. 1968), cited by defendant, is distinguishable because in *Niro* the truck had been parked in the garage some 12 hours after the officers had probable cause to make the search and the subsequent need for haste in making the seizure was brought about, according to the court, by the deliberate and unreasonable delay of the government. Here, Officer Choate's information that new tires were in Taylor's home was not confirmed until he saw the new tires in the process of being loaded into the truck. Wattenburg v. United States, 388 F.2d 853 (9th Cir. 1968), also relied on by Taylor, is not in point as there the search for illegally cut Christmas trees was conducted in the yard and there was no threat of immediately transporting the evidence or the contraband from the area, and no vehicle was involved.

■ We think Officer Choate under the objective facts of this case had probable cause to search the dump truck. He knew of the interstate theft and had received an anonymous tip that the stolen tires were located in the defendant's home. Choate was aware of the defendant's reputation as a dealer in stolen merchandise. Choate was informed that the stolen tires were new and had a list of the stolen tires supplied by the shipper. When Choate verified the anonymous information that new tires were stored in the defendant's home by viewing individuals in the process of transferring new tires from the defendant's basement to a dump truck located at one of the exits to defendant's home, the suspicion engendered by the anonymous tip and the defendant's reputation had then, by any objective standard, ripened into probable cause to believe that the new tires seen from the street were probably stolen from the interstate shipment under investigation. Choate and the other officers did not know at the time how much loading was left to be done or how soon the dump truck might depart; thus an immediate search was necessary if that which was reasonably thought to be the stolen property and to constitute evidence of the commission of a crime was to be seized and secured before being transported and dispersed to areas beyond the reach of the officers. The search of the dump truck parked on the defendant's premises was based on probable cause; and the exigencies of the situation demanded that the officer act to prevent the destruction of evidence of the crime. Preston v. United States, 376 U.S. at 367, 84 S.Ct. 881. Therefore, the evidence seized in this warrantless search of a motor vehicle was properly admitted.

Another traditional exception to the rule that a search warrant must be obtained under the Fourth Amendment is a search incident to a lawful arrest. The extent of the search permissible under this exception has been a source of much legal controversy, which has been thoroughly reviewed in the Supreme Court's most recent decision on this issue, Chimel v. California, 395 U.S. 752,

89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In that case the Court held that a warrantless search incident to a lawful arrest could be justified only to the extent of searching the accused's person and "the area 'within his immediate control'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Id.* at 763, 89 S.Ct. at 2040. This was said to be consistent with the Court's holding in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). In that case, police officers arrested two men in a car for vagrancy, impounded the car and towed it away. Later, without a search warrant they searched the car and seized evidence which led to the conviction of the defendants for bank robbery. The Court held that the search without a warrant violated the Fourth Amendment.

■ The arrest in this case was lawful. Probable cause for a warrantless arrest exists when the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that the suspect has committed or is committing a particular crime in the officer's presence. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The test, as enunciated in United States v. Skinner, 412 F.2d 98, 102 (8th Cir. 1969), is "whether, viewed in retrospect, the objective facts were such as to justify a prudent person in believing that he had enough facts on which to base an arrest before a search was made." While facts which would justify a warrantless search might not be sufficient to validate an arrest without a warrant, *see* Miller v. Sigler, 353 F.2d 424, 427 (8th Cir. 1965), cert. denied, 384 U.S. 980, 86 S.

Ct. 1879, 16 L.Ed.2d 690 (1966), we think the facts known to the officers in the instant case, independent of the evidence seized in the search, justified the belief that a crime was being committed in the presence of the arresting officers —that of unlawfully possessing property stolen from an interstate shipment of goods.

The search which accompanied this valid arrest did not violate the principles set forth in *Chimel*.[1] This was not a search of concealed areas, such as drawers and closets, nor was it a general search of the defendant's premises. The evidence seized was in clear sight and in the immediate area of the arrest and it was obviously under the defendant's control. Furthermore, the evidence was in a motor vehicle which could be moved at any time beyond the officer's jurisdiction; hence, it could be destroyed if not seized immediately. Contrary to the facts in *Preston*, it was directly related to the charge for which Taylor was arrested and was seized at the same time the arrest was made. This decision is consistent with cases in other circuits which have construed *Chimel* not to apply in situations where the arrest and search involved a motor vehicle containing the evidence. Haynes v. United States, 415 F.2d 347 (5th Cir. 1969), cert. denied, 396 U.S. 1024, 90 S.Ct. 600, 24 L.Ed.2d 518; United States v. Garcia, 418 F.2d 568 (9th Cir. 1969); United States ex rel. Williams v. LaVallee, 415 F.2d 643 (2d Cir. 1969).

■ Defendant contends that the search and seizure was not incidental to the arrest because the officer did not state that he was making the arrest until moments after he had identified the tires as belonging to the interstate shipment. However, we have concluded above that independent of the specific identifi-

---

[1] All circuits which have passed on the question have concluded that *Chimel* does not apply retroactively. United States v. Bennett, 415 F.2d 1113 (2d Cir. 1969); Lyon v. United States, 416 F.2d 91 (5th Cir. 1969); Williams v. United States, 418 F.2d 159 (9th Cir. 1969). In the instant case, the search was conducted prior to the *Chimel* decision, but we have no occasion to consider the retroactivity of *Chimel*, since we conclude that the standard of that case does not require reversal.

cation of the tires, there was probable cause to believe a crime was being committed and therefore probable cause to make an arrest. Under these circumstances the exact order of the search and the formal arrest is immaterial, as they were substantially contemporaneous. United States v. Skinner, 412 F.2d 98 (8th Cir. 1969). On the time element in *Skinner* Judge Heaney reasoned, "The search is valid whether it took place moments before or moments after the arresting officer took the suspect into actual custody or announced his intention of so doing." *Id.* at 103.

■ Defendant asserts that the officer had no right to enter upon his property and particularly to climb upon the truck and to check the tires in the bed of the truck with the officer's list of tires stolen from the interstate shipment. We do not think this contention is valid since even if a technical trespass occurred it would not make the subsequent search unlawful if it were otherwise reasonable. United States v. Young, 322 F.2d 443 (4th Cir. 1963); United States v. Williams, 227 F.2d 149 (4th Cir. 1955). Moreover, the officer had a right to proceed onto the property as he had probable cause to believe he was observing a felony being committed in his presence—the unlawful possession of tires stolen from an interstate shipment.

Judgment affirmed.