**UNITED STATES of America,
Appellee,**

v.

**Henry GOLEMBIEWSKI, Appellant.**

No. 20312.

United States Court of Appeals,
Eighth Circuit.

Jan. 21, 1971.

John L. Moore, Texarkana, Ark., for appellant.

Bethel B. Larey, U. S. Atty., James A. Gutensohn, Asst. U. S. Atty., Fort Smith, Ark., for appellee.

Before VAN OOSTERHOUT and HEANEY, Circuit Judges, and HANSON, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Defendant Golembiewski has taken this timely appeal from his conviction by a jury and the resulting sentence on a grand jury indictment charging violation of 18 U.S.C.A. § 2312—the National Motor Vehicle Theft Act. Defendant and a companion, Mr. Ramos, were driving from Chicago to Laredo, Texas, in a Ford automobile which the evidence, received without objection and not contradicted, shows was owned by Bernard F. Meyers of Oak Park, Illinois, and which was stolen on April 10, 1969.

On April 17, 1969, the Ford automobile, then being driven by Mr. Ramos, with the defendant as an occupant, was stopped by Trooper Neel near Hope, Arkansas. Ramos was placed under arrest for illegally passing a school bus. The sufficiency of the evidence to support the conviction has not been challenged in the trial court or here except with respect to the Fourth Amendment issue hereinafter discussed. Consequently, a detailed discussion of the evidence is not essential.

The sole issue presented for review is whether the trial court erred in failing to suppress certain evidence offered and received at the trial on the ground that such evidence was illegally seized from the car occupied by the defendant in violation of Fourth Amendment rights.

Defendant contends two distinct illegal searches were made of the car. The first took place when Trooper Neel first placed Ramos under arrest for illegally passing the school bus. At that time Trooper Neel took the car identification from the identification plate located on the dash of the car. There is no evidence that the officer had to enter the car to take the number. It was in plain view of the officer as he went up to the car to arrest the driver.

In Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067, the Court holds:

> "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

The officer at the time observed that the car bore expired Texas license plates which bore evidence of having been removed from the car. This information was obtained from examination of items in plain view. Defendant made no objection to the reception of the foregoing evidence and made no motion to suppress such evidence. We are satisfied that all of the evidence just referred to was admissible under the plain view rule.

Ramos, who was driving the car, was ordered to follow the officer to the sheriff's office at Hope to post bond for the traffic offense. Defendant accompanied Ramos.

The officer, after obtaining the identification number, submitted it by his car radio to patrol headquarters for transmission to the National Crime Information Center. While defendant and Ramos were at the sheriff's office to arrange bond the report was received that the car bearing the reported identification number had been stolen. Defendant and Ramos were immediately arrested on the stolen vehicle charge. The F.B.I. was notified. Agent Weis reported im-

mediately to the sheriff's office. After the information available had been given him, Agent Weis and officer Neel made what is called the second search of the car. The car was then located, parked near the sheriff's office. The search revealed that the ignition switch was loose and was likely a replacement switch, and that the key did not open the door as original ignition keys do. They also found the Illinois license plate to the car issued to owner Meyers under the front seat.

When objection was made to the reception of evidence acquired by the second search, a suppression hearing was held out of the presence of the jury. The court held the evidence admissible upon the basis the defendant lacked standing to suppress the evidence. There is authority that the court erred in placing its ruling upon standing. See Glisson v. United States, 5 Cir., 406 F.2d 423, 425–426; Simpson v. United States, 10 Cir., 346 F.2d 291.

We do not base our affirmance on the ground relied upon by the trial court but rather upon the basis that the court reached the right result for a different reason.

Subsequent to the trial court's decision and subsequent to the *Glisson* and *Simpson* decisions, the Supreme Court handed down its decision in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419. The Court in that case points out that the right to search a car rests upon a different and more liberal basis than the search of a house, and also holds that the right to search an automobile proceeds on a theory wholly different from that justifying the search incident to an arrest. The Court quotes with approval from Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, as follows:

" 'The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against

the law.' " 399 U.S. 42, 49, 90 S.Ct. 1975, 1980.

In *Chambers*, identified thieves were arrested shortly after the robbery while in the station wagon. The Court held:

"On the facts before us, the blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search and it was a fleeting target for a search. The probable cause factor still obtained at the station house and so did the mobility of the car * * *." 399 U.S. 42, 52, 90 S.Ct. 1975, 1981.

Here at the time of the second search the officers had reasonable cause to believe the car was stolen and hence to seize and hold the car and make the search that was made. See Smith v. United States, 8 Cir., 431 F.2d 1; United States v. Molkenbur, 8 Cir., 430 F.2d 563, 567, cert. denied 400 U.S. 952, 91 S. Ct. 244, 27 L.Ed.2d 258; United States v. Harflinger, 8 Cir., 436 F.2d 928 (December 31, 1970).

Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, supports our conclusion that the limited second search here made was reasonable. In that case, defendant was convicted of selling heroin. The conviction rested in part upon the introduction of evidence seized from the glove compartment of the car defendant used in making the heroin sale. The search was made without a warrant about a week after defendant's arrest while the car was being held by officers pending forfeiture proceedings authorized by California law. Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, was factually distinguished. The Court held the warrantless search of the glove compartment was reasonable, stating:

"Here the officers seized petitioner's car because they were required to do so by state law. They seized it because of the crime for which they arrested petitioner. They seized it to impound it and they had to keep it until forfeiture proceedings were con-

cluded. Their subsequent search of the car—whether the State had 'legal title' to it or not—was closely related to the reason petitioner was arrested, the reason his car had been impounded, and the reason it was being retained. The forfeiture of petitioner's car did not take place until over four months after it was lawfully seized. It would be unreasonable to hold that the police, having to retain the car in their custody for such a length of time, had no right, even for their own protection, to search it. It is no answer to say that the police could have obtained a search warrant, for '[t]he relevant test is not whether it is reasonable to procure a search warrant, but whether the search was reasonable.' United States v. Rabinowitz, 339 U.S. 56, 66 [70 S.Ct. 430, 435, 94 L.Ed. 653]. Under the circumstances of this case, we cannot hold unreasonable under the Fourth Amendment the examination or search of a car validly held by officers for use as evidence in a forfeiture proceeding." 386 U.S. 58, 61–62, 87 S.Ct. 788, 791.

In United States v. Molkenbur, supra, we held:

"Having properly seized the apparently stolen merchandise, the police are authorized to thoroughly examine the objects of the seizure later at police headquarters without a warrant. See Chambers, supra, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967)." 430 F.2d 563, 568.

■ Similarly, in our present case it was reasonable for the officers to take possession of the stolen car for use as evidence in the Dyer Act case and for the benefit of the true owner of the car, and to make the limited search that was made of the car.

■ In *Chambers*, the Court holds that the reception of improperly seized evidence does not require a reversal if the error was harmless beyond a reasonable doubt. If contrary to what we have heretofore said any error was committed in receiving evidence claimed to have been illegally seized in the second search, it was harmless error beyond a reasonable doubt. The replaced lock and the original license plate found only bear upon the issue of the car being a stolen car. It would have no persuasive effect upon the issue of defendant's knowledge that the car had been stolen. Defendant did not at any time question or dispute the fact that the car had been stolen. Defendant testified that the car had been stolen by Ramos and that he had no knowledge the car had been stolen. Ramos testified that the defendant had provided the car. It is established that the past due Texas license plates on the car belonged to the defendant.

Without setting out the evidence in detail, we are convinced that the evidence is adequate to support all essential elements of the crime charged including the element of knowledge that the car had been stolen. No exception was made to the court's instructions. The defendant has had in all respects a fair trial.

The judgment is affirmed.

HEANEY, Circuit Judge (dissenting).

I respectfully dissent. Probable cause to search the car did not exist when the car was stopped for a traffic violation. Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968). See, Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). As I read the record, the trooper did not discover the pry marks on the trunk and glove compartment until after the defendant and his companion were in custody, and he was never aware that the Texas license plates had expired. The trooper knew only that the car's license plates belonged on another car owned by the defendant and that the defendant offered no proof of ownership of the car other than a traffic ticket received in Illinois the preceding day. These facts did not

give rise to reasonable cause to believe the car was stolen and thus did not justify a search. Indeed, counsel for the government conceded this point on oral argument.

The state trooper was justified in taking the car's serial number, which was in plain view on the dashboard, and in checking with the National Crime Information Center to confirm or refute his suspicion that the car was stolen. Harris v. United States, 390 U.S. 234, 88 S. Ct. 992, 19 L.Ed.2d 1067 (1968). But he had no reasonable cause for believing the car was stolen until he received the report from the N.C.I.C., which he did not receive until he was in the sheriff's office.

He then placed the defendant under arrest; but by that time, the car was no longer on the highway, the defendant and his companion were already in custody, and the car was immobilized. Absolutely no showing was made that it was impracticable to obtain a warrant.

Warrantless searches of automobiles were initially justified on the basis of the mobility of the car and the consequent probability that evidence would be forever lost if a search on the spot was not permitted. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). The Supreme Court expressly recognized this rationale in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), when it stated:

" * * * [T]he blue station wagon could have been searched on the spot when it was stopped since there was probable cause to search it and it was a fleeting target for a search. The probable cause factor still obtained at the station house and so did the mobility of the car. * * *" 399 U.S. 42, 52, 90 S.Ct., 1975, 1981.

On the facts here, I cannot find that a warrantless search was justified under the *Carroll* rationale. " * * * In cases where the securing of a warrant is reasonably practicable, it must be used. * * *" Carroll v. United States, *supra* 267 U.S. at 156, 45 S.Ct. at 286.

The majority would justify this warrantless search on the basis of Chambers v. Maroney, *supra*. But Justice White, writing for the majority in *Chambers*, partially justified the warrantless search in that case on the ground that probable cause to search the car existed at the time the car was taken into custody. My reading of *Chambers* is that, under such circumstances, the officers retain the right to search the car even after it has been moved to another location. The practical consideration involved is the difficulty police officers have in conducting a search on the spot, either because of physical surroundings or for reasons of safety. See, Chambers v. Maroney, *supra*, n. 10. It is significant that neither Dyke v. Taylor Implement Mfg. Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968), nor Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), were reversed by *Chambers*.

Here, probable cause to search the car did not arise until after the car had been brought to the police station and the trooper had received a report indicating the car was stolen. Under these circumstances, there is no sound reason for permitting a warrantless search. To do so is to permit searches of automobiles at any time or place so long as probable cause to search exists when the search is made. I do not understand the Supreme Court to have gone this far.

While I can see some basis in Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), justifying this search, I cannot agree that *Cooper* should be so broadly construed. The Supreme Court's interpretation of Cooper v. California, *supra*, in Dyke v. Taylor Implement Mfg. Co., *supra*, was narrow. I believe that *Cooper* should be confined to its facts.

I cannot agree that the admission of evidence regarding the license plates, loose ignition switch and door key was harmless. A jury could find that a man riding in a car for two days would see something as obvious as a loose ignition

switch, and that his observation would put him on notice that the car might be stolen. The license plates under the front seat would make it difficult for the defendant to convince the jury that he had no knowledge the car was stolen, when he also testified the license plates presently on the car belonged to him.

I do not find the admission of this evidence harmless beyond a reasonable doubt, Harrington v. California, 395 U. S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); Chapman v. California, 386 U. S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and I would, therefore, reverse.