**UNITED STATES of America,**
**Appellee,**

v.

**Roger Larson EPPS, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Lovic Moultrie INGRAM, Appellant.**

**Nos. 14765, 14766.**

United States Court of Appeals, Fourth Circuit.

Feb. 22, 1971.

---

3. See for example §§ 293.050, .100, .470, .510, .550, .560, .570, 1969 Mo.Rev.Stat.

Arthur G. Murphy, Sr., Baltimore, Md., on brief for appellant, Roger Larson Epps.

Benjamin L. Brown, Baltimore, Md., on brief for appellant, Lovic Moultrie Ingram.

George Beall, U. S. Atty., and Charles G. Bernstein, Asst. U. S. Atty., on brief for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

Roger Larson Epps and Lovic Moultrie Ingram were charged as codefendants in a three-count indictment with violation of 18 U.S.C.A. § 2113(a) (bank robbery by force and violence, or by intimidation) (count one), with violation of 18 U.S.C.A. § 2113(b) (unarmed bank robbery) (count two), and with violation of 18 U.S.C.A. § 2113(d) (armed bank robbery) (count three). At the close of the government's case, motions for acquittal with regard to count three were granted. A jury convicted Epps and Ingram of counts one and two. Epps was sentenced to imprisonment for eighteen years on count one, and ten years on count two, the sentences to run concurrently. Ingram was sentenced to imprisonment for twenty years on count one, and ten years on count two, the sentences to run concurrently. In this appeal, the government has filed a motion to affirm the judgments summarily.

Both Epps and Ingram challenge the sufficiency of the evidence to convict them of count one. We think the note, handed to the teller by Epps, which stated, "Put all your money in this bag and nobody will get hurt," sufficient under the circumstances to permit the jury to find that the bank robbery had been committed by intimidation within the meaning of 18 U.S.C.A. § 2113(a).

1194

■ Both also challenge the admission into evidence during the government's rebuttal and hence, after the judgments of acquittal on the charge of armed bank robbery, of two boxes of cartridges. Reliance is placed upon United States v. Laker, 427 F.2d 189 (6 Cir. 1970), which held that admission of a gun in a prosecution for unarmed bank robbery is error.

Even if the scope of the decision in *Laker* is sufficiently broad to include the admission of ammunition, without the admission of a gun, in a prosecution for unarmed bank robbery, it is inapplicable here. The admission of the ammunition was proper to impeach the credibility of Epps. After Epps' motion for a judgment of acquittal on the armed bank robbery count of the indictment was granted, Epps testified in his own behalf. In his direct testimony he said that he did not have a gun while he was in the bank. On cross-examination he repeated that he did not have a gun and he added that he had neither seen a gun nor any bullets on the person of his co-defendant or in the car which he drove to the bank. Admission into evidence of bullets recovered from the car was thus permissible impeachment of Epps' credibility in the latter denial. The district judge did not abuse his discretion in the receipt of this evidence.

Ingram additionally claims that there was insufficient evidence to convict him of aiding and abetting under both counts one and two. We have carefully reviewed the evidence, and find it ample to convict him.

■ Although not raised by the appellants in their briefs, we think the imposition of the ten year concurrent sentences plain error. Rule 52(b), Fed.R. Crim.P. Foster v. United States, No. 13,849 (4 Cir., December, 1969) (Mem. Dec.); Holland v. United States, 384 F. 2d 370 (5 Cir. 1967); see Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1956).

While we grant the motion for summary affirmance of the judgments on count one, we remand as to the judgments on count two with directions to vacate the ten year sentences.

Affirmed in part; vacated in part.