UNITED STATES of America,
Plaintiff-Appellee,

v.

Marcus Monteiro ALBUQUERQUE and
Thomas Vincent Radice,
Defendants-Appellants.

Nos. 75–1980, 75–1981.

United States Court of Appeals,
Ninth Circuit.

July 6, 1976.

William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Robert M. Talcott, Los Angeles, Cal., for defendants-appellants in No. 75–1980.

Alexander Loebig, Federal Public Defender, Hollywood, Cal., for defendants-appellants in No. 75–1981.

OPINION

Before SMITH,* and GOODWIN, Circuit Judges, and WILLIAMS,** District Judge.

SPENCER WILLIAMS, District Judge:

Marcus Monteiro Albuquerque and Thomas Vincent Radice appeal from a judgment

Alfred T. Goodwin, Circuit Judge, filed a specially concurring opinion.

* The Honorable J. Joseph Smith, Senior United States Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation.

** The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

convicting them of interstate transportation of a vehicle knowing it to be stolen, in violation of 18 U.S.C. § 2312.

On December 17, 1974 defendants were stopped in Los Angeles, California, by police officers. The automobile in which defendants were riding had been reported stolen in Newark, New Jersey, on December 2, 1974 by the owner who had left the keys in the ignition. When stopped by arresting officers each defendant used an alias, and both admitted upon questioning that they drove the automobile from New Jersey to California. At the trial a police officer testified that both later admitted that they knew the car had been stolen.

When defendants were arrested, electrical bypass wires, electrical tape and a screwdriver were taken from the car. At trial, these items were offered into evidence and, over defendants' objections, were admitted subject to a limiting instruction that they were received not as evidence of any guilt of defendants as to the theft, but for the sole purpose of determining their intent and knowledge.

■ To sustain a conviction of interstate transportation of a stolen vehicle the following must be proved beyond a reasonable doubt: (1) that the automobile was stolen; (2) that defendants transported the automobile in interstate commerce; (3) that defendants knew the vehicle to be stolen at the time of the transportation; and (4) that defendants intended to permanently or temporarily deprive the owner of ownership. *United States v. Berlin,* 472 F.2d 13, 14 n. 2 (9th Cir. 1973); *Lawrence v. United States,* 400 F.2d 624 (9th Cir. 1968).

It is true, as appellants contend, that the items here in question were not probative of any of the above elements, and their admission thus improper.

■ "Hotwiring" tools may be relevant to show the capacity or means to steal an automobile, but, in the instant case, defendants were not charged with the theft of an automobile. Furthermore, although relevant to showing defendants' capacity to commit a theft, the "hotwiring" tools are not relevant to establishing defendants' capacity to transport. *See, e. g., Moody v. United States,* 376 F.2d 525 (9th Cir. 1967); *United States v. Laker,* 427 F.2d 189 (6th Cir. 1970).

■ And finally, the "hotwiring" tools are not relevant to show defendants' knowledge that the automobile was in fact stolen, or that defendants intended to deprive the owner of the possession thereof. *See United States v. Golembiewski,* 437 F.2d 1212 (8th Cir.), *cert. denied,* 403 U.S. 932, 91 S.Ct. 2260, 29 L.Ed.2d 711 (1971).

However, even though the admission of the "hotwiring" tools was irrelevant to show any of the elements of the crime for which defendants were charged, their introduction was harmless beyond a reasonable doubt. *Favors v. Eyman,* 466 F.2d 1325 (9th Cir. 1972); *Olivas v. State of Arizona Ex Rel. Eyman,* 447 F.2d 974 (9th Cir. 1971); *United States v. Porter,* 441 F.2d 1204 (8th Cir. 1971).

The totality of the other evidence presented is clearly sufficient to sustain the jury's decision, and the admission of the tools in question could not have had such an impact as to contribute to the defendants' conviction.

Affirmed.

ALFRED T. GOODWIN, Circuit Judge (specially concurring):

I would prefer to hold that the "hot-wiring" kit was evidence from which a jury could draw an inference of scienter on the part of the defendants. Individuals possessing such tools and riding around in stolen cars assume a risk that jurors will draw invidious inferences from those facts. I would say there was no error, rather than that the error was nonprejudicial. I would agree, however, if there was error, it was of no moment, and would affirm.