UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4611

JAMES TIMOTHY BALLANCE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-400)

Submitted: February 22, 2000

Decided: March 7, 2000

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robin Scott Gnatowsky, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, John S. Davis, Assistant United States
Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted James Timothy Ballance of bank robbery in violation of 18 U.S.C. § 2113(a) (1994). On appeal, he alleges that the evidence was insufficient to support the finding of guilt. Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Shortly after noon on December 8, 1998, Ballance, who weighed 320 pounds at the time, entered a First Virginia Bank in Richmond, walked up to the teller, and handed her a note saying, "This is a bank robbery. I have a gun. Don't give me any ones." Ballance did not say anything to the teller, nor did he make any threatening gestures with his hands. The teller gave Ballance approximately $580 in cash. As he was about to leave the bank, Ballance turned and retrieved the note, which the teller was attempting to hide underneath her keyboard.

The teller testified at trial that she felt sorry for Ballance, that she thought he was harmless, and that as a result she was not as nervous as she might have been under other circumstances. However, she also testified that she took the situation seriously, did not set off any alarms because she did not want to scare Ballance, and wanted the robbery to be over. The teller further testified that she tried to hide the note because she had been trained to preserve robbery notes for later use as evidence.

Ballance admitted at trial that he took money from the bank. However, he argued at trial, and now on appeal, that the evidence was insufficient to find him guilty of bank robbery because the teller was not intimidated.[1]

On direct appeal of a criminal conviction, a "verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S.

_____

[1] The statute requires that a defendant take money from a bank using force, violence, or intimidation. In the present case, it was undisputed that Ballance did not use force or violence.

2

60, 80 (1942). In the present case, our review of the record shows that there was sufficient evidence for the jury to find that Ballance used intimidation to take money from the bank.

We employ an objective test to determine whether or not a reasonable person in the teller's position would have been intimidated by Ballance's actions. See United States v. Woodrup , 86 F.3d 359, 363 (4th Cir. 1996) (citations omitted). It does not matter whether this particular teller was afraid. See United States v. Wagstaff, 865 F.2d 626, 627-28 (4th Cir. 1989) ("Under this test, the subjective courageousness or timidity of the victim is irrelevant.") (quoting United States v. Higdon, 832 F.2d 312, 315 (5th Cir. 1987)).

Here, Ballance handed the teller a note stating that he was robbing the bank and had a gun.[2] We find that Ballance's note carried the implied threat that he would use the gun if he did not get what he wanted. As a result, the evidence was sufficient for the jury to find that a reasonable person in the teller's position could have been intimidated by Ballance's note. See United States v. Epps, 438 F.2d 1192, 1193 (4th Cir. 1971) (holding that a note which stated, "Put all your money in this bag and nobody will get hurt," was sufficient evidence of intimidation for purposes of § 2113(a)).

Accordingly, we affirm Ballance's conviction and sentence. We also deny Ballance's motions for release pending appeal and for reconsideration of the court's order denying his motion to relieve appointed counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED
_____

[2] Ballance did not actually have a weapon.

3
R